UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-61698-CIV-GAYLES

LOUIS VUITTON MALLETIER, S.A.,

    Plaintiff,

vs.

2013LVSHOP.COM, *et al.*,

    Defendants.
_____/

## ORDER GRANTING EX PARTE TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiff, Louis Vuitton Malletier, S.A's *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction [ECF No. 5] against Defendants, the Partnerships and Unincorporated Associations identified on Schedule "A" hereto, pursuant to 15 U.S.C. § 1116, Rule 65, Fed. R. Civ. P., and The All Writs Act, 28 U.S.C §1651(a), for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114, and 1125(a) and (d).[1] Because Plaintiff has satisfied the requirements for the issuance of a temporary restraining order, the Court grants Plaintiff's Application for Temporary Restraining Order.

---

[1] The Internet websites operating under the Subject Domain Names louisvuittonfre.com (Defendant Number 49) and saclouisvuittonfrancee.com (Defendant Number 123) identified in Plaintiff's Complaint were operational at the time Plaintiff conducted its initial investigation of Defendants. However, the websites operating under those domain names are currently not operational. Accordingly, Plaintiff is not requesting immediate equitable relief as to the Internet websites operating the domain names saclouisvuittonfrancee.com and louisvuittonfre.com. (See Declaration of Stephen M. Gaffigan in Support of Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction ["Gaffigan Decl."] ¶ 2 n.1.)

### I.     FACTUAL BACKGROUND[2]

1.     Plaintiff, Louis Vuitton Malletier, S.A. ("Louis Vuitton") is the registered owner of the following trademarks which are valid and registered on the Principal Register of the United States Patent and Trademark Office ("Louis Vuitton Marks"):

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
| [design] | 0,297,594 | September 20, 1932 | IC 18; trunks, valises, traveling bags, satchels, hat boxes and shoe boxes used for luggage, hand bags, and pocketbooks. |
| LOUIS VUITTON | 1,045,932 | August 10, 1976 | IC 18; luggage and ladies' handbags. |
| LV | 1,519,828 | January 10, 1989 | IC 18; trunks, valises, traveling bags, satchels, hat boxes and shoe boxes used for luggage, hand bags, and pocketbooks. |
| LV | 1,938,808 | November 28, 1995 | IC 14; jewelry, watches, and straps for wrist watches. |
| LOUIS VUITTON | 1,990,760 | August 6, 1996 | IC 14; watches and straps for wrist watches.<br><br>IC 16; catalogues featuring luggage and travel accessories, bags, small leather goods, and garments; notebooks, anthologies, and pamphlets referring to travel; calendars; telephone indexes; fountain pens, ballpoint pens, nibs, covers for pocket and desk diaries, and checkbook holders.<br><br>IC 18; trunks; traveling trunks; suitcases; traveling bags; luggage; garment bags for travel; hat boxes for travel; shoe bags for travel; umbrellas; animal carriers; rucksacks; haversacks; leather or textile shopping bags; beach bags; handbags; vanity cases sold empty; attache cases; tote bags, travel satchels; clutch bags; briefcases; wallets; pocket wallets; credit card cases; business card cases; bill and card holders; checkbook holders; key cases; change purses; briefcase-type portfolios.<br><br>IC 24; travel blankets<br><br>IC 25; shirts; sweatshirts; polo shirts; T-shirts; headwear; jackets; ties; belts; shawls; scarves. |

---

[2] The factual background is taken from Plaintiff's Complaint [ECF No. 1], Plaintiff's Application for Temporary Restraining Order, and supporting evidentiary submissions.

| | | | |
|---|---|---|---|
| ✤ | 2,177,828 | August 4, 1998 | IC 14; goods made of precious metals, namely, shoe ornaments, ornamental pins; jewelry, namely, rings, ear rings, cufflinks, bracelets, charms, necklaces; horological instruments, straps for watches, watches and wrist-watches, and cases for watches. |
| | | | IC 18; goods made of leather or imitations of leather are not included in other classes, namely, boxes made from leather; trunks, valises, traveling bags, luggage for travel, garment bags for travel, vanity cases sold empty, rucksacks, hand bags, beach bags, shopping bags, shoulder bags, attache cases, briefcases, and fine leather goods, namely, pocket wallets, purses, leather key holders, business card cases, calling card cases, and credit card cases, and umbrellas. |
| | | | IC 25; clothing and underwear, namely, sweaters, shirts, suits, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, sashes for wear, scarves, neckties, pocket squares, gloves, belts, socks, bath robes, shoes, boots, and sandals. |
| ⊛ | 2,181,753 | August 18, 1998 | IC 014; goods made of precious metals, namely, shoe ornaments, ornamental pins, jewelry, namely, rings, belt buckles, ear rings, cufflinks, bracelets, charms, necklaces, horological instruments, straps for watches, watches, and wrist-watches, and cases for watches. |
| | | | IC 18; goods made of leather or imitations of leather are not included in other classes, namely, boxes made from leather; trunks, valises, traveling bags, luggage for travel, garment bags for travel, vanity cases sold empty, rucksacks, hand bags, beach bags, shopping bags, shoulder bags, attache cases, briefcases, and fine leather goods, namely, pocket wallets, purses, leather key holders, business card cases, calling card cases, credit card cases, and umbrellas. |
| | | | IC 25; clothing and underwear, namely, sweaters, shirts, suits, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, sashes for wear, scarves, neckties, pocket squares, gloves, belts, socks, bath robes, shoes, boots, and sandals. |
| LV | 2,361,695 | June 27, 2000 | IC 25; Clothing, namely, sweaters, shirts, sweatshirts, polo shirts, t-shirts, suits, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, scarves, neckties, pocket squares, pocket handkerchief squares for wear, gloves, ties, belts, bathing suits, shoes, boots and sandals, and hats. |

3

| | | | |
|---|---|---|---|
| LOUIS VUITTON PARIS | 2,378,388 | August 22, 2000 | IC 18; goods made of leather or imitations of leather not included in other classes, namely, boxes of leather principally used for travel purposes, trunks, valises, traveling bags, traveling sets for containing cosmetics and jewelry, rucksacks, handbags, beach bags, shopping bags, shoulder bags, brief cases, pouches, fine leather goods namely, pocket wallets, purses, key cases, business card cases, credit card cases, and calling card cases. |
| | 2,421,618 | January 16, 2001 | IC 018; goods made of leather or imitations of leather not included in other classes, namely valises, traveling bags, traveling sets for containing cosmetics, handbags, shopping bags, shoulder bags, brief cases, pouches; fine leather goods, namely, pocket wallets, purses, key cases, business card cases, credit card cases. |
| | 2,773,107 | October 14, 2003 | IC 14; jewelry including rings, belt buckles of precious metals, earrings, cuff links, bracelets, charms, brooches, necklaces, tie pins, ornamental pins, and medallions; horological and chronometric instruments and apparatus, namely, watches, watch cases and clocks; nutcrackers of precious metals; candlesticks of precious metals, jewelry boxes of precious metals.<br><br>IC 18; travel bags, travel bags made of leather; luggage trunks and valises, garment bags for travel, vanity-cases sold empty; rucksacks, shoulder bags, handbags; attache-cases, briefcases, drawstring pouches, pocket wallets, purses, umbrellas, business card cases made of leather or of imitation leather, credit card cases made of leather or of imitation leather; calling card cases made of leather or of imitation leather; key holders made of leather or of imitation leather.<br><br>IC 25; clothing, namely, underwear, sweaters, shirts, T-shirts, suits, hosiery, belts, scarves, neck ties, shawls, waistcoats, skirts, raincoats, overcoats, suspenders, trousers, jeans, pullovers, frocks, jackets, winter gloves, dress gloves, tights, socks, bathing suits, bath robes, pajamas, night dresses, shorts, pocket squares; highheeled shoes, low-heeled shoes, sandals, boots, and slippers. |
| | 3,023,930 | December 6, 2005 | IC 09; spectacles, sunglasses, and spectacle cases. |
| | 3,051,235 | January 24, 2006 | IC 09; spectacles, sunglasses, and spectacle cases. |

4

| | | | |
|---|---|---|---|
| ⊛✦⊛<br>✦Ⓛ✦<br>⊛✦⊛ | 4,192,541 | August 21, 2012 | IC 03; soaps for personal use; perfumery; essential oils; cosmetics; creams for the hair, face, and body; lotions for the hair, face, and body; shower and bath gels; shower and bath preparations; shampoos; make-up preparations, namely, foundations, lipsticks, eye shadows, mascara, make-up powder, and nail polish.<br><br>IC 09; sunglasses; spectacles; optical lenses; spectacle cases; telephones; mobile telephones; smart phones; PC tablets; personal digital assistants; MP3 players; accessories for telephones, mobile telephones, smart phones, PC tablets, personal digital assistants, and MP3 players, namely, hands-free kits for telephones, batteries, covers, housings, façades, chargers, hand straps, and neck straps.<br><br>IC 14; jewelry; key rings of precious metal; tie pins; medallions; jewelry boxes; watches; watch bands; alarm clocks; cases for timepieces.<br><br>IC 16; printed matter, namely, pamphlets, catalogs, and books in the field of travel, luggage, luxury goods, fashion, clothing, sports, the arts; publications, namely, brochures and booklets in the field of travel, luggage, luxury goods, fashion, clothing, sports, the arts; stationery; stationery articles, namely, note pads, writing books, drawing books, calendars, agendas, notebooks, envelopes, letter paper, and index cards; covers for diaries, indexes, and pads; office requisites, namely, letter trays, paper cutters, pencils, inkstands, inkwells, paperweights, pencil holders, pen holders, writing pads, pens, balls, and nibs for pens; postcards; paper labels; newspapers; printed documents, namely, printed certificates.<br><br>IC 18; boxes of leather or imitation leather for packaging and carrying goods; traveling bags; leather traveling sets of luggage; trunks; suitcases; garment bags for travel; vanity cases sold empty; toiletry bags sold empty; backpacks; handbags; attaché cases; leather document cases; wallets; purses; leather key cases; umbrellas.<br><br>IC 24; textiles and textile goods, namely, bath linen, bed linen, table linen, towels, bed covers, textile table cloths.<br><br>IC 25; clothing, namely, underwear, shirts, tee-shirts, pullovers, skirts, dresses, trousers, coats, jackets, belts for clothing, scarves, sashes for wear, gloves, neckties, socks, bathing suits; footwear; headwear |

5

|  |  |  | IC 34; cigar and cigarette cases of leather and imitation leather. |
|---|---|---|---|

(*See* Declaration of Hadrien Huet in Support of Application for Temporary Restraining Order ["Huet Decl."] ¶ 4 and Composite Exhibit A thereto.) The Louis Vuitton Marks are used in connection with the manufacture and distribution of goods in the categories identified above. (*See id.* at ¶¶ 4-5.)

2. Defendants, through the fully interactive commercial Internet websites operating under the domain names identified on Schedule "A" hereto ("Subject Domain Names"), have advertised, promoted, offered for sale, or sold products bearing what Plaintiff has determined to be counterfeits, infringements, reproductions, or colorable imitations of the Louis Vuitton Marks. (*See* Huet Decl. ¶¶ 9-12; Gaffigan Decl. ¶ 2 and Composite Exhibit A thereto.)

3. Although each Defendant may not copy and infringe each Louis Vuitton Mark for each category of goods protected, Plaintiff has submitted sufficient evidence showing each Defendant has infringed, at least, one or more of the Louis Vuitton Marks at issue. (*See* Huet Decl. ¶ 10.) Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the Louis Vuitton Marks. (*See id* at ¶ 9.)

4. Plaintiff's representative reviewed and visually inspected the items bearing Plaintiff's trademarks offered for sale through the Internet websites operating under the Subject Domain Names, and determined the products to be non-genuine versions of Plaintiff's products. (*See* Huet Decl. ¶¶ 10-12.)

## II. <u>LEGAL STANDARD</u>

In order to obtain a temporary restraining order, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the

relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. Rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F. 3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case). Additionally, a court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and] (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Rule 65(b)(1), Fed. R. Civ. P. *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameida Cnty, etc.*, 415 U.S. 423, 439 (1974).

### III.   ANALYSIS

The declarations Plaintiff submitted in support of its Application for Temporary Restraining Order support the following conclusions of law:

A.   Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, or distribution of products bearing counterfeits, reproductions, or colorable imitations of the Louis Vuitton Marks, and that the products Defendants are selling and promoting for sale are copies of Plaintiff's products that bear copies of the Louis Vuitton Marks.

7

B.   Because of the infringement of the Louis Vuitton Marks, Plaintiff is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. It clearly appears from the following specific facts, as set forth in Plaintiff's Complaint, Application for Temporary Restraining Order, and accompanying declarations on file, that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers before Defendants can be heard in opposition unless Plaintiff's request for *ex parte* relief is granted:

1.   Defendants own or control Internet website businesses which advertise, promote, offer for sale, or sell products bearing counterfeit and infringing trademarks in violation of Plaintiff's rights;

2.   There is good cause to believe that more counterfeit and infringing products bearing Plaintiff's trademarks will appear in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products; and

3.   There is good cause to believe that if Plaintiff proceeds on notice to Defendants on this Application for Temporary Restraining Order, Defendants can easily and quickly transfer the registrations for many of the Subject Domain Names, or modify registration data and content, change hosts, and redirect traffic to other websites, thereby thwarting Plaintiff's ability to obtain meaningful relief;

C.   The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its reputation, and goodwill as a manufacturer and distributor of quality products if such relief is not issued; and

      D.      The public interest favors issuance of the temporary restraining order in order to protect Plaintiff's trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as Plaintiff's genuine goods.

### IV.    CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Plaintiff's *Ex Parte* Application for a Temporary Restraining Order [ECF No. 5] is hereby **GRANTED** as follows:

(1)    Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby temporarily restrained as follows:

    a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Louis Vuitton Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

    b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing the Louis Vuitton Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Louis Vuitton Marks, or any confusingly similar trademarks.

(2)    Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue the use of the Louis Vuitton Marks or any confusingly similar trademarks, on or in connection with all Internet websites owned and operated, or controlled by them, including the Internet websites operating under the Subject Domain Names;

(3) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue the use of the Louis Vuitton Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by each Defendant, including the Internet websites operating under the Subject Domain Names;

(4) Each Defendant shall not transfer ownership of the Subject Domain Names during the pendency of this Action, or until further Order of the Court;

(5) The domain name Registrars for the Subject Domain Names are directed to transfer to Plaintiff's counsel, for deposit with this Court, domain name certificates for the Subject Domain Names;

(6) Upon Plaintiff's request, the privacy protection service for any of the Subject Domain Names for which the Registrant uses such privacy protection service to conceal the Registrant's identity and contact information are ordered to disclose to Plaintiff the true identities and contact information of those Registrants;

(7) Upon entry of this Order, Plaintiff shall provide a copy of the Order by email to the registrar of record for each of the Subject Domain Names, so that the registrar of record of each of the Subject Domain Names may, in turn, notify each registrant of the Order and provide notice of the locking of the domain name to the registrant of record. After providing such notice to the registrars so the domain names may be locked, Plaintiff shall also provide notice and a

copy of this Order to the registrant of each Subject Domain Name via email to the email address provided as part of the domain registration data for each of the Subject Domain Names identified in the Application for Temporary Restraining Order. If an email address was not provided as part of the domain registration data for a Subject Domain Name, Plaintiff shall provide notice and a copy of this Order to the operators of the Internet websites via an email address or online submission forms provided on the Internet websites operating under such Subject Domain Names. After forty-eight (48) hours have elapsed following the emailing of this Order to the registrars of record and the registrants, Plaintiff shall provide a copy of this Order to the registrars and the registries for the Subject Domain Names for the purposes described in Paragraph 8, *infra;*

(8) The domain name Registrars for the Subject Domain Names shall immediately assist in changing the Registrar of record for the Subject Domain Names, excepting any such domain names which such Registrars have been notified in writing by Plaintiff have been or will be dismissed from this action, to a holding account with a Registrar of Plaintiff's choosing ("New Registrar"). To the extent the Registrars do not assist in changing the Registrars of record for the domains under their respective control within one (1) business day of receipt of this Order, the top-level domain (TLD) Registries (or their administrators) for the Subject Domain Names, within five (5) business days of receipt of this Order, shall, change or assist in changing, the Registrar of record for the Subject Domain Names, excepting any such domain names which such Registries have been notified in writing by Plaintiff have been or will be dismissed from this action, to a holding account with the New Registrar. As a matter of law, this Order shall no longer apply to any Defendant or associated domain name dismissed from this action. Upon the change of the Registrar of record for the Subject Domain Names, the New Registrar will

maintain access to the Subject Domain Names in trust for the Court during the pendency of this action. Additionally, the New Registrar shall immediately institute a temporary 302 domain name redirection which will automatically redirect any visitor to the Subject Domain Names to the following Uniform Resource Locator ("URL") http://servingnotice.com/lvserp12/index.html whereon copies of the Complaint and all other documents on file in this action are displayed. Alternatively, the New Registrar may update the Domain Name System ("DNS") data it maintains for the Subject Domain Names, which link the domain names to the IP addresses where their associated websites are hosted, to NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which will cause the domain names to resolve to the website where copies of the Complaint and all other documents on file in this action are displayed.  After the New Registrar has effected this change the Subject Domain Names shall be placed on Lock status, preventing the modification or deletion of the domains by the New Registrar or Defendants and thereby evade the provisions of this Order;

(9) Plaintiff may enter the Subject Domain Names into Google's Webmaster Tools and cancel any redirection of the domains that have been entered there by Defendants which redirect traffic to the counterfeit operations to a new domain name or website;

(10) Each Defendant shall preserve copies of all computer files relating to the use of any of the Subject Domain Names and shall take all steps necessary to retrieve computer files relating to the use of the Subject Domain Names that may have been deleted before the entry of this Order;

(11) This Order shall remain in effect until the date for the hearing on the Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated to by the parties;

(12)     This Order shall apply to the Subject Domain Names, associated websites, and any other domain names and websites properly brought to the Court's attention and verified by sworn affidavit that such new domain names are being used by Defendants for the purpose of counterfeiting the Louis Vuitton Marks at issue in this action or unfairly competing with Plaintiff on the World Wide Web;

(13)     Pursuant to 15 U.S.C. § 1116(d)(5)(D), Plaintiff shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint. Plaintiff shall post the bond prior to requesting the registries change the registrar of record for the Subject Domain Names to a holding account with the New Registrar;

(14)     A **hearing** is set before this Court in the United States Courthouse located at 400 North Miami Avenue, Courtroom 10-2, Miami, Florida, 33128, on _____ __, **2014, at** ____, at which time Defendants or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiff's requested preliminary injunction;

(15)     Plaintiff shall serve a copy of the Complaint, the Application for Temporary Restraining Order, this Order, and all other pleadings and documents on file in this action on each Defendant by email as described above and by posting copies of the Application for Temporary Restraining Order and this Order on the website located at http://servingnotice.com/lvserp12/index.html[3] within forty-eight (48) hours of control of the Subject Domain Names being changed to the Court via the New Registrar's holding account, and

---

[3] In this Circuit, Rule 65, Fed. R. Civ. P., has been interpreted to require that a party have notice of the motion and hearing; perfecting service on a defendant is not a prerequisite to the entry of a preliminary injunction order. *See Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 302 (5th Cir. 1978); *Diamond Crystal Brands, Inc. v. Wallace*, 531 F. Supp. 2d 1366, 1370-71 (N.D. Ga. 2008).

such notice so given shall be deemed good and sufficient service thereof. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website located at http://servingnotice.com/lvserp12/index.html or by other means reasonably calculated to give notice which is permitted by the Court.

(16)     **Any response or opposition** to Plaintiff's Motion for Preliminary Injunction must be filed and served on Plaintiff's counsel by _____ \_\_**, 2014**, and filed with the Court, along with Proof of Service. Plaintiff shall file any **Reply Memorandum** prior to the hearing scheduled for _____ \_\_**, 2014**. The above dates may be revised upon stipulation by all parties and approval of this Court. **Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 15 U.S.C. § 1116(d), Fed. R. Civ. P. 65, and this Court's inherent authority**.

**DONE AND ORDERED** in Miami, Florida, this \_\_ day of _____, 2014 at \_\_\_\_\_.

_____
**DARRIN P.  GAYLES**
**UNITED STATES DISTRICT JUDGE**

cc: All Counsel of Record

SCHEDULE A
**DEFENDANTS BY NUMBER AND SUBJECT DOMAIN NAME**

| Defendant Number | Defendant / Domain Name |
|---|---|
| 1 | 2013lvshop.com |
| 2 | 2013saclouissvuitton.com |
| 3 | aaa-louisvuitton.com |
| 3 | replicalouisvuitton-cheap.com |
| 3 | replicalouisvuitton-outlet.com |
| 3 | replicaslouis-vuitton.com |
| 4 | aollouisvuittonoutlets.com |
| 5 | authenticlouisvuittonhandbags.com |
| 6 | authenticlouisvuittonhandbags.org |
| 7 | bestlongchampbags.com |
| 8 | bolsoslouisvuittonbag.com |
| 9 | borsalouisvuitton-outlet.com |
| 10 | borselouisvuittonit.eu |
| 11 | borselouisvuittonsoutlet.eu |
| 12 | borseoutletonlineshop.com |
| 13 | buylouisvuittonbagsuk.info |
| 13 | lvbagsuksale.biz |
| 14 | cheap-louisvuitton.us |
| 15 | cheaplouisvuitton2014.us |
| 16 | eluxurylouis-vuitton.com |
| 17 | e-salelouis.com |
| 17 | esale-louisbag.com |
| 17 | esalelouisbags.com |
| 17 | esaleslouisbags.com |
| 17 | e-saleslouisbags.com |
| 18 | estorelouisvuitton.com |
| 19 | fantasylouisvuitton.com |
| 20 | genuinelv.com |
| 21 | genuinelvbag.com |
| 22 | hotlouisvuitton.com |
| 23 | ilouisvuittons.com |
| 24 | ilouisvuittonstore.com |
| 25 | italiaborselv2014.com |
| 26 | italia-louisvuitton.com |
| 27 | italianlvs.com |

15

| | |
|---|---|
| 28 | louisesvuittonus.org |
| 29 | louislouisvuittonvuitton.com |
| 30 | louissvuittonus.com |
| 31 | louisv-store.com |
| 32 | louis-vuitton.co |
| 33 | louisvuitton-2014.com |
| 34 | louisvuitton30.com |
| 35 | louisvuittonartsygm.com |
| 36 | louisvuittonauthentic.com |
| 37 | louisvuittonbags.cc |
| 38 | louisvuittonbags-2013.com |
| 39 | louisvuittonbagstyle.com |
| 39 | uslouisvuiton.com |
| 40 | louisvuittonbargain.com |
| 41 | louisvuittonbelgie.be |
| 42 | louisvuittonbolso.net |
| 43 | louisvuittonborseoutlet.com |
| 44 | louisvuittonboss.com |
| 44 | lvoutletukclassic.com |
| 45 | louisvuittoncanadaoutletstore.net |
| 46 | louisvuitton-es.es |
| 47 | louisvuittonfactorybuy.com |
| 48 | louisvuittonforcheapsale.com |
| 50 | louisvuittonfriday.com |
| 51 | louisvuittonhandbags0.com |
| 52 | louisvuitton-handbags3.com |
| 53 | louisvuittonhandbagssaks.com |
| 54 | louisvuitton-handbagsusa.com |
| 55 | louisvuitton-india.net |
| 56 | louisvuittoning.com |
| 57 | louisvuittoninstyle.com |
| 58 | louis-vuitton--lv.com |
| 58 | mylouisvuittonfashion.com |
| 59 | louisvuittonneverfulltote.com |
| 60 | louisvuittonofficialshop.com |
| 61 | louisvuittonokbuy.com |
| 62 | louisvuittononlinebusiness.com |
| 63 | louisvuittonoslonorge.com |
| 64 | louisvuittonoutlet.me.uk |

| 65 | louisvuittonoutlet.us |
|---|---|
| 66 | louisvuittonoutletbest.com |
| 67 | louisvuittonoutletdeals.com |
| 68 | louisvuittonoutletinfra.com |
| 69 | louisvuittonoutletsling.com |
| 70 | louisvuittonoutletsuppliers.com |
| 71 | louisvuittonpinterest.com |
| 72 | louisvuittonpretty.com |
| 73 | louis-vuittonprice.net |
| 74 | louisvuittonrabatt.com |
| 75 | louisvuittonsecret.com |
| 76 | louisvuittonservice.com |
| 77 | louisvuittonsfriday.com |
| 78 | louisvuittonsitoufficiale.biz |
| 79 | louisvuittonspecilizeoffertoyou.com |
| 80 | louisvuittonstorede.com |
| 81 | louisvuittonstoreonlinesale.com |
| 82 | louisvuittonstorev.com |
| 83 | louisvuittonsum.com |
| 84 | louisvuitton-tassen.nl |
| 85 | louisvuittonuk.com |
| 86 | louisvuittonukstore.info |
| 87 | louisvuittonungo.com |
| 88 | louisvuittonvuitton.net |
| 89 | louisvuittonwalletshop.com |
| 90 | lovebuylouisvuitton.com |
| 91 | lowlouisvuitton.com |
| 92 | lululvv.com |
| 93 | luxurylvs.com |
| 94 | lv2bags.com |
| 95 | lv4ulv.com |
| 96 | lvalmamall.com |
| 96 | lvalmamallc.com |
| 97 | lvbagsusa.org |
| 98 | lvbolso.com |
| 99 | lvfriday.com |
| 100 | lvhandbags2014.org |
| 101 | lvlowprice.com |
| 102 | lvlvip.com |

| | |
|---|---|
| 103 | lv-official.com |
| 104 | lvoutletsforsale.com |
| 105 | lvoutletus.com |
| 106 | lvsaleclub.com |
| 107 | lvsgprice.com |
| 108 | lvtaschen.co |
| 109 | lvtaschens.com |
| 110 | nicelvs.com |
| 111 | nicestlouisvuitton.co.uk |
| 112 | nordstromlouisvuitton.org |
| 113 | officiallouisvuittonstore.com |
| 114 | officiallylouisvuittonshop.com |
| 115 | officialouisvuitons.com |
| 116 | officieelouisvuittons.com |
| 117 | outletlvs.com |
| 118 | prettylvbags.com |
| 119 | prettylvs.com |
| 120 | replicabolsalouisvuitton.com |
| 121 | replicalouisvuittongoods.com |
| 122 | saclouisvuittonfemme.fr |
| 124 | saclouisvuittonsoldes2014.fr |
| 125 | salelouisvuittonoutlets.com |
| 126 | shoplouisvuitton.it |
| 127 | soldes-lv.fr |
| 128 | topcheaplouisvuitton.com |
| 129 | ufficialelouisvuittonshop.it |
| 130 | uslouisvuitton.com |
| 131 | uslouisvuittonus.com |
| 132 | vipbolsoslouisvuitton.com |
| 133 | viplouisvuitton.de |
| 134 | viplouisvuittononline.com |
| 135 | viplouisvuittonshop.com |
| 136 | vipsaclouisvuitton.com |
| 137 | vuittonpaschers.fr |